White, J. concurred.
Bosworth, Ch. J.
It is entirely clear that the notes in suit, were without consideration in Jacobsohn’s hands, at the time he transferred them to the plaintiffs. They were given as the price of a contract which the defendants were to have from Ullman, for the privilege of selling librettos, one year. This contract they never obtained. For the contract which they did receive, they agreed to pay $4,000, and at the time of the trial they had paid the whole $4,000, excepting the sum of $2,000. Jacobsohn, if he had held the notes at their maturity, could not have maintained an action upon them as plaintiff.
As to the terms of the transfer to the plaintiffs, Jacobsohn testified thus: “The understanding was, that if these notes were paid, I was to get back the stock.” * * * “The understanding was, when I delivered them to Sherman that when these notes were paid, I was to get back my stock.”
Watts Sherman testified, “If I should not realize anything on the notes we received, I shall hold these shares as collateral.”
This evidence not only justified, but required a verdict, that the credit which the plaintiff gave for these notes, at the time they were taken, was not unqualified credit, and that they were taken as further security only, not at the plaintiffs’ own risk, and as an absolute payment pro tanto, but as a conditional payment.
*248 This was nol\a parting with value in such sense as to entitle the plaintiffs to recover. They did not, by the terms of their contract under which the notes were received, part with any money, other property or security. If, by reason of the transaction, they have lost any security, it is not* because they agreed to surrender any, but because they were parties to a transaction which discharges French, although such a result was not contemplated by them.
The verdict is not contrary to the evidence, and no exception was taken to the charge as made.
The judgment should be affirmed.
Ordered accordingly.